UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Kelvin Laneil James, | Case No. 2:24-cv-00740-RFB-BNW |
| Plaintiff, | |
| v. | ORDER |
| Judge Steve L. Dobrescu, | |
| Defendant. | |

Pro se plaintiff Kelvin James brings this case against Judge Dobrescu. He moves to proceed *in forma pauperis*. ECF No. 8. James submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. James' request to proceed *in forma pauperis,* therefore, will be granted. The Court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915A.

I. ANALYSIS

A. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Plaintiff's Allegations

James' complaint does not contain any allegations. Instead, he attached a complaint for judicial misconduct (dated April 12, 2024), a peremptory challenge (dated March 12, 2024), and motion to compel (also dated April 12, 2024). Based on this, it is not clear what legal claims Plaintiff is asserting against Judge Dobrescu. As a result, the Court cannot evaluate whether Plaintiff states any claims for relief. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend. *See Dietz v. Bouldin*, 579 U.S. 40, 44–45 (2016) (holding that the Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").

The Court notes that "[a]bsolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "This immunity reflects the long-standing general principle of the highest importance to the

proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial . . . courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson*, 2009 WL 1940102, at *2 (collecting cases).

Thus, Plaintiff should be aware that to the extent Judge Dobrescu's alleged conduct can be (1) considered judicial acts or (2) considered to fall within his jurisdiction, Plaintiff's claim will be barred. Nevertheless, the Court will give Plaintiff a chance to amend his complaint in the event he believes that his claims are not barred by judicial immunity.

## II.  Conclusion

**IT IS THEREFORE ORDERED** that James' application to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**. James is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

**IT IS FURTHER ORDERED** that, under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Ely State Prison shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Kevin James,

# 1165419 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of William Gittere, Warden for Ely State Prison, 4569 NV-490, Ely, NV 89301.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the clerk of court must file James' complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the amended complaint will be due August 15, 2024. Failure to amend by that deadline may result in the dismissal of this action. If Plaintiff chooses to amend his complaint, he must carefully look at the analysis above regarding judicial immunity. Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the prisoner, pro se form complaint.

DATED: July 12, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE